NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 9, 2022[*]
Decided November 9, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2405

| | |
|---|---|
| ANDREW RUIZ,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 3:20-cv-00085-GCS |
| ALBERTO BUTALID, et al.,<br>    *Defendants-Appellees.* | Gilbert C. Sison,<br>*Magistrate Judge.* |

**O R D E R**

Andrew Ruiz, an Illinois inmate, sued prison officials for deliberately ignoring his medical needs in violation of his rights under the First and Eighth Amendments, but after a hearing, *see Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), the district court entered summary judgment for the defendants. It ruled that Ruiz failed to exhaust his

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

administrative remedies. *See* 42 U.S.C. § 1997e(a). Because Ruiz gives us no valid reason to disturb that finding, we affirm.

Ruiz, a paraplegic inmate at Pinckneyville Correctional Center, contends that prison personnel and the prison's healthcare services provider (Wexford Health Sources) have deliberately ignored his medical needs. He asserts that ongoing inaction by prison officials led him to suffer a cardiac arrest in 2018, followed by a coma for days while he received life-support treatment. He also alleges that these events occurred because of Wexford's policy of "cost cutting." The district court screened the complaint, 28 U.S.C. § 1915A, allowing claims against a doctor, three prison administrators, and Wexford to proceed. All defendants moved for summary judgment, arguing that Ruiz failed to exhaust his administrative remedies.

The district court, with a magistrate judge sitting by consent, 28 U.S.C. § 636(c), entered summary judgment for the defendants. The court identified four grievances in the record relevant to the defense of exhaustion. For the first three grievances, the court found that Ruiz did not timely appeal them to the Administrative Review Board, as the prison's exhaustion rules required. *See* ILL. ADMIN. CODE tit. 20 § 504.850(a). In the fourth one, which Ruiz did internally appeal, Ruiz wrote that a doctor (different from the one he has sued) "didn't write a prescription for [Ruiz] to get [the] dressing on" his heel, chest, or ankle; nor did the doctor order nurses to dress Ruiz's "open wounds." Regarding Wexford, he wrote that it "needs to put more discipline on this facility" to make the staff "more professional." The court found that the grievance, although internally appealed, failed to exhaust Ruiz's remedies because in it he did not mention the officials he sued or the Wexford policy targeted in his complaint.

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), before a prisoner may sue in court, the prisoner must exhaust available administrative remedies in the manner required by the prison. When a district court has ruled that an inmate did not exhaust, we review its findings of fact for clear error and legal conclusions de novo. *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). Ruiz has not supplied the transcript of the hearing at which the court decided the exhaustion defense, as Rule 10(b)(2) of the Federal Rules of Appellate Procedure generally requires of appellants. But a transcript is not necessary for our review because Ruiz accepts that he administratively exhausted only his last grievance and contends that the court made a purely legal error in assessing the adequacy of that grievance.

Ruiz relies on *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013), to argue that he did not need to name in his last grievance the individual defendants he now sues because his earlier grievances complained about his ongoing, poor healthcare at Pinckneyville. In *Turley*, we ruled that "prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." 729 F.3d at 650. In that situation, one administratively exhausted grievance mentioning a systemic problem sufficed to allow the inmate to challenge in court that problem. *Id.* But Ruiz's fourth grievance—the only one that he administratively exhausted—does not describe a systemic problem. It addresses an "entirely different problem[]" from the one alleged in his complaint. *Schillinger v. Kiley*, 954 F.3d 990, 996 (7th Cir. 2020). Ruiz's complaint alleges that a disregard of his health conditions, and Wexford's "cost cutting," led to his cardiac arrest. By contrast, he limited his grievance to a narrow complaint about a doctor (not sued) who did not dress some wounds, and to Wexford's lack of "professionalism." The primary purpose of the exhaustion requirement is to put the prison on notice of the nature of a possible lawsuit and give it a chance to correct an alleged problem without involving the courts. *Id.* at 995–96; *Turley*, 729 F.3d at 650. The district court properly ruled that Ruiz's final grievance, lacking any reference to the named defendants, the results of their alleged inaction, or Wexford's alleged "cost cutting" policy, did not serve this purpose.

AFFIRMED